UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OVIDIO PEREZ SANCHEZ,

    Petitioner,

v.                                                   Case No: 5:23-cv-79-WFJ-PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Ovidio Perez Sanchez's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. 1. Respondent has filed a Motion to Dismiss the Petition, Dkt. 5, to which Petitioner has replied, Dkt. 6. Upon careful consideration, the Court grants Respondent's motion and dismisses the petition without prejudice.

## BACKGROUND

In April 2021, the United States District Court for the Eastern District of New York sentenced Petitioner to 108 months' imprisonment for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B). *See* Judgment, *United States v. Sanchez*, No. 1:16-cr-661-ARR-1 (E.D.N.Y. Apr. 22, 2021) (Dkt. 171). Petitioner is serving his sentence at the Federal Correctional

Complex, United States Low, in Coleman, Florida. His projected release date based on good time conduct is November 17, 2024. Dkt. 5-2.

On January 27, 2023, Petitioner filed the instant § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his sentence. Dkt. 1. Petitioner asserts that he is entitled to 525 days of earned time credits under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632. *Id.* at 9−10. Though Petitioner concedes that he did not exhaust his administrative remedies within the BOP prior to filing his petition, he contends that exhaustion is futile. *Id.* at 7, 10. Respondent disagrees and moves to dismiss the petition based on lack of exhaustion. Dkt. 5.

## DISCUSSION

Though exhaustion is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). District courts follow a two-step process to determine whether to dismiss a § 2241 petition for failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, a court looks to the facts alleged by the inmate and the respondent. *Id.* at 856. If the parties' factual allegations conflict, the court accepts as true the inmate's version of events. *Id.* Where the inmate's allegations establish his failure to exhaust administrative

remedies, the court must dismiss the petition. *Id.*

If the inmate's factual allegations do not support the dismissal of his petition at the first step, however, the court proceeds to the second step of its analysis. *Id.* There, the respondent bears the burden of establishing that the inmate failed to exhaust his administrative remedies. *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Upon making such findings, the court determines whether the inmate has exhausted his administrative remedies. *Id.* at 857.

Because Petitioner and Respondent's factual allegations do not conflict, the Court may resolve this matter at the first step of the analysis. Both parties agree that Petitioner has not exhausted his administrative remedies. Dkt. 1 at 7; Dkt. 5 at 2. To be sure, a BOP administrative remedy report reveals that Petitioner has only sought administrative review of his eligibility to receive FSA earned time credits at the first and second levels of the BOP's three-level administrative remedy process. Dkt. 5-3; *see also* Dkt. 5-4. By failing to proceed to the third and final level of that process, Petitioner has not exhausted his administrative remedies. The instant petition is therefore due to be dismissed.

Still, Petitioner avers that this failure to exhaust must be excused on the basis of futility. Dkt. 1 at 7. According to Petitioner, exhaustion of his administrative remedies is futile due to his "impending release date." *Id.* at 10.

Petitioner further asserts that "[i]t seems virtually certain that [his] claim will be rejected by the BOP upon further administrative review." *Id.* at 15.

While futility may generally be raised as an exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (internal quotations omitted). Before the Eleventh Circuit determined that the exhaustion requirement is not jurisdictional in nature, *see Santiago-Lugo*, 785 F.3d at 475, the Eleventh Circuit stated that there is no established futility exception to exhaustion on a § 2241 petition, *see McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012). Regardless, circuits that recognize the futility exception have limited its application to "extraordinary circumstances." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). It is ultimately the petitioner's burden to demonstrate the futility of administrative review. *Id.* (citation omitted).

To the extent that this circuit recognizes the futility exception on a § 2241 petition, Petitioner has not demonstrated any exceptional circumstances warranting the exception's application. Petitioner has already sought administrative review of his eligibility to receive FSA earned time credits at two of the three levels within the BOP's administrative remedy process. *See* Dkts. 5-3 & 5-4. With an anticipated release date of November 17, 2024, Petitioner has ample time to exhaust his

administrative remedies by seeking relief at the third level. The fact that Petitioner believes he will not be successful at that final step does not render exhaustion futile. If Petitioner is indeed unsuccessful at the last stage of the BOP's administrative remedy process, he may refile his § 2241 petition in federal court.

## CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss, Dkt. 5, is **GRANTED**. The Petition, Dkt. 1, is dismissed without prejudice. The Clerk is directed to enter judgment in favor of Respondent and close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 12, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record